**EVANS et al. v. FIRST NAT. BANK & TRUST CO. OF OKLAHOMA CITY.**

**No. 5937.**

Circuit Court of Appeals, Fifth Circuit.
April 28, 1931.

Royall G. Smith and Robt. T. Neill, both of San Angelo, Tex., R. L. Ball and A. W. Seeligson, both of San Antonio, Tex., and Robert B. Caldwell, of Kansas City, Mo. (Ball & Seeligson, of San Antonio, Tex., Smith & Neill, of San Angelo, Tex., and McCune, Caldwell & Downing, of Kansas City, Mo., on the brief), for appellants.

C. O. Harris, L. B. Harris, and M. E. Sedberry, all of San Angelo, Tex., and W. F. Wilson, of Oklahoma City, Okl. (Harris, Harris & Sedberry, of San Angelo, Tex., and Wilson & Wilson, of Oklahoma City, Okl., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and HUTCHESON, District Judge.

BRYAN, Circuit Judge.

The appellee bank brought two suits in replevin to recover possession of certain cattle upon which it held mortgages which authorized it to take possession of the cattle if the mortgagor should sell, or attempt to sell, them without its consent. The first suit, known as cause 218, claimed 250 head, and the second suit, known as cause 219, claimed 295 head, of cattle. Appellants Evans and Callan were partners. Callan for his firm purchased the cattle involved in each suit from Jesse C. Moore, the mortgagor. They gave forthcoming bonds upon which the other appellants, Baker and White, were sureties. The suits were consolidated, and the trial resulted in the following verdict:

We, the jury, find for the plaintiff in Count 218, 125 head cattle at $70.00 per head........ $ 8,750.00
In Count 219, 295 head cattle at $90.00 per head............. 26,550.00

There was judgment for appellee which followed the form of the verdict, in that it kept separate the amount of recovery allowed in each suit. Appellants contend that the trial court erred in refusing to direct a verdict in their favor in cause 218, and in refusing to grant their request to charge the jury in cause 219 to find in their favor if they believed that Callan purchased the cattle while they were in Johnston county, Okl., in good faith and for valuable consideration, without actual or constructive notice of appellee's mortgage.

Jesse C. Moore owned or held under lease 15,000 acres of land in Oklahoma which he used as a pasture for cattle. Some of the pastures were in Pontotoc county, others in Johnston county, and still others in Murray county. Pontotoc county on the east and Murray county on the west had a common boundary north of Johnston county, which was bounded by Pontotoc on the north and by Murray on the west.

In the winter of 1928–1929, the appellee bank held mortgages executed by Moore on about 4,500 head of cattle to secure loans of approximately $200,000; and at the same time the Stockyards Loan Company of Kansas City, Mo., held mortgages executed by Moore on about 4,800 head of cattle to secure loans also of approximately $200,000. In April, 1929, the Stockyards Company made an investigation, examined the public records of Pontotoc county, and for the first time learned of the mortgages held by the bank. It also ascertained that there were not more than 6,000 head of cattle in Moore's pastures in the three counties. It thereupon demanded and received from Moore enough cattle to pay off his indebtedness to it.

Callan, one of the appellants here, was employed by the Stockyards Company to inspect their loans upon cattle. With full knowledge of the facts above recited, he bought from Moore the cattle involved in these two suits and shipped them to Texas. The Stockyards Company credited Moore with the amount of the purchase price agreed upon by him and Callan.

The 250 head involved in cause 218 were claimed by the bank under its mortgage from Moore executed in November 1928. That mortgage described 1,035 "white-face yearlings," branded with a stripe or bar, and located in Pontotoc county. The Stockyards Company also held a mortgage of about the same date on 1,510 head of "coming one year old" Hereford cattle, located in Johnston county and in Murray county.

The 295 head of cattle involved in cause 219 were claimed by the bank under its mortgage dated in 1927 upon 1,095 head of white-face calves bought from Williams and Shelton, and located in Pontotoc county. The Stockyards Company held a mortgage on 1,177 "coming one-year old" white-face cattle located in Johnston county. The cattle covered by each mortgage were also described as being branded with a stripe or bar. No distinction between Hereford and white-face cattle is made in the testimony. The testimony warranted the jury in concluding that these cattle had within a few days before shipment been driven from Pontotoc county and kept together in Johnston county; that they were identified after shipment to Texas as being the cattle in Pontotoc county that were mortgaged to the bank.

It will be observed from the verdict that the jury found for appellee as to half the 250 head of cattle described in cause 218. We are of opinion that the court erred in refusing to give the peremptory instruction requested by appellants as to those cattle. Appellants had a mortgage on calves, or cattle coming one year old in November, 1928. Appellee's mortgage, also taken in November, 1928, described the cattle covered by it as yearlings, which, according to the testimony, means that they were calves in 1927, the preceding year. So far as appears from the testimony, the bank held no mortgage on cattle that were calves in 1928.

As to the cattle involved in cause 219, we are of opinion that the court did not err in refusing to charge the jury as requested by appellants. The cattle described in the mortgages, both of the bank and of the Stockyards Company, were of the same breed and age and carried the same brand; but they were capable of identification by reference to the county in which they were located. If the cattle had not been mixed, there would have been no difficulty in ascertaining those that were included in the bank's mortgage. Appellants cannot possibly succeed on the theory that they did not have constructive notice of all the bank's mortgages. Callan and other representatives of the Stockyards Company knew that they were taking cattle which fitted the description of the bank's mortgage, and they were familiar enough with the situation to put them on inquiry as to whether the cattle were in, or belonged in, Pontotoc county. The lien of the bank's mortgage was not lost by the temporary removal for pasturage purposes of cattle from Pontotoc county across the line into

Johnston county. That mortgage was recorded in Pontotoc county, and was a good lien in Johnston county for 120 days. Oklahoma Compiled Statutes 1921, § 7651.

Although the cases were consolidated for trial, the verdict shows the amount of damages found by the jury in each case. There is therefore no need to order a new trial of cause 219, but it is remanded for a proper separate judgment. The judgment in cause 218 is reversed, and that cause is remanded for a new trial.